JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donnetta Holmes

### DEFENDANTS
MGM Resorts International

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia (PA)**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Clark County (NV)**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tobias Brown and Associates, PC (215)709-1111
1650 Market Street, 36th Flr, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | [x] 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 and 28 usc 1391(b)

Brief description of cause:
Diversity jurisdiction PA resident vs. NV corporation, Premises liability for personal injury in slip and fall as business invitee of defendant

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $80,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: February 17, 2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4935 Chestnut Street, Philadelphia, PA 19139__

Address of Defendant: __3600 Las Vegas Boulevard South, Las Vegas, NV 89109__

Place of Accident, Incident or Transaction: __1 Borgata Way, Atlantic City, NJ 08401__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/17/2021__   _____/s/_____ Must sign here   __315119__
                      Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [✓] Other Personal Injury *(Please specify):* __premises liability__
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _____ Sign here if applicable   _____
                              Attorney-at-Law / Pro Se Plaintiff                Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNETTA HOLMES
        Plaintiff

V.

MGM RESORTS INTERNATIONAL

        Defendant

Civil Action No:

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH THE INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Phone: (215) 238-6333
TTY: (215) 451-6197

AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y Puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGARTAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONA LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGULAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LA LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL:
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNETTA HOLMES

           Plaintiff

                             Civil Action No:

V.

MGM RESORTS INTERNATIONAL

           Defendant

## CIVIL ACTION COMPLAINT

Plaintiff, Donnetta Holmes, by and through her undersigned counsel, Tobias Brown, hereby avers the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), because the defendant is subject to the Court's personal jurisdiction with respect to this civil action, evidenced by defendant's frequent and purposeful directing of its actions to Philadelphia residents specifically to become invitees at its property in Atlantic City, thereby establishing minimum contacts with this forum.

### PARTIES

3. Plaintiff, Donnetta Holmes, is an adult individual residing at 4935 Chestnut Street, Philadelphia, Pennsylvania, 19139.

4. Defendant, MGM Resorts International ("MGM") is a corporation organized under the laws of the State of Nevada, with its principal place of busines located at 3600 Las Vegas Boulevard South, Las Vegas, Nevada, 89109.

Boulevard South, Las Vegas, Nevada, 89109.

5. At all times material hereto, MGM was acting through its respective agents, servants and/or employees operating in the course and scope of their employment.

## FACTS

6. The "premises" will hereinafter be defined to include an area which is believed to be at or near the Borgata Buffet at 1 Borgata Way, Atlantic City, New Jersey, 08401.

7. At all times material hereto, defendant, MGM, acting by and/or through its actual and/or ostensible, agents, employees, servants, contractors and/or workmen, designed, constructed, owned, leased, maintained, inspected, controlled, and/or was responsible for the premises.

8. On February 17, 2019, a dangerous, negligent, and/or defective condition existed on the premises, including but not limited to a slippery, buttery substance on the floor surface generally and in the proximity of plaintiff's fall specifically, that was not reasonably safe for the selected and intended use and purpose of the premises.

9. On February 17, 2019, defendant, MGM, knew or reasonably should have known of the existence of the above identified defect(s).

10. On February 17, 2019, plaintiff, Donnetta Holmes, was a customer and/or business invitee of defendants, MGM.

11. On February 17, 2019, plaintiff was dining at the buffet restaurant owned and/or operated by defendant, MGM.

12. While walking in the premises in a normal and attentive manner, plaintiff was caused to slip and fall due to the unattended slippery, buttery substance on the floor surface of the premises that was created, allowed to exist and/or accumulate due to improper maintenance of the

premises.

13. Plaintiff, Donnetta Holmes, was lawfully upon defendant MGM's premises, and was in no manner responsible for any act or failure to act contributing to the accident hereinafter described.

14. The above dangerous, negligent, and defective condition was allowed to exist in or on the premises, despite defendant, MGM's, actual, constructive, and/or implied knowledge of the same.

15. Despite the above detailed knowledge, defendants failed to warn the general public, including but not limited to the plaintiff, Donnetta Holmes, of the dangerous nature of the slippery, buttery substance on the floor as detailed above.

16. As a direct and proximate result of the aforesaid incident, plaintiff suffered severe, permanent and disabling injuries, as detailed below.

## COUNT I
### DONETTA HOLMES v. MGM RESORTS INTERNATIONAL
### NEGLIGENCE – PREMISES LIABILITY

17. Plaintiff hereby incorporates by reference paragraphs 1 through 16 as though the same were fully set forth at length.

18. At all times material hereto, it was the duty of defendant, MGM, to design, construct, test, validate, inspect, maintain, and/or repair the aforesaid premises in a reasonably safe condition and/or manner for those lawfully on the premises, including the plaintiff.

19. The negligence of defendant, MGM, acting and/or failing to act, by and through its actual and/or ostensible agents, servants, contractors, workmen and/or employees, consisted of, but is not limited to:

    a. Failing to clean up slippery substance from premises floor;

b. Failing to properly maintain the premises floor;

c. Failing to inspect the premises floor;

d. Failing to select the proper floor for the premises surface;

e. Failing to properly install the premises floor at issue;

f. Failing to properly test the selected flooring to ensure it was a proper and safe walking surface when wet;

g. Failing to identify the defective nature of the flooring at issue, for the purpose and placement of the floor's selected use;

h. Failing to maintain said premises in a safe and reasonable condition for persons such as plaintiff, Donnetta Holmes;

i. Failure to make a reasonable inspection so as to discover the dangerous and defective condition of the premises;

j. Failing to warn of the dangerous and defective condition of the premises floor;

k. Failing to ensure that the dangerous and defective condition of the premises flooring was known by those who traveled on it;

l. Failing to otherwise warn plaintiff of the dangerous and defective condition of the premises;

m. Failing to provide adequate lighting to allow plaintiff to see and avoid the dangerous condition of the premises;

n. Failing to prevent injury to plaintiff, Donnetta Holmes, that was caused by known and/or knowable defects of the premises;

o. Failing to provide safe and appropriate flooring, as to parts of the premises, on which defendant MGM's business invitees, including plaintiff, could safely travel.

    p. Failure to understand and appreciate the unsafe and defective condition of the premises flooring;

    q. Failing to inspect and maintain the area of the premises where plaintiff, Donnetta Holmes, was injured;

    r. Failing to adopt, implement, and/or enforce sufficient policies, procedures and/or protocols to ensure proper inspection and/or maintenance was performed that is required to identify the dangerous condition of the floor in the area of the premises where the plaintiff was injured;

    s. Failing to use ordinary care which the general public has a right to expect of commercial property owners;

20. At all times material hereto, the defendant MGM, acting by and/or through its actual and/or apparent, agents, servants, contractors, workmen and/or employees, designed, constructed, leased, owned, selected, operated, maintained, was responsible for and/or controlled the premises at issue, as well as the associated business operations, and therefore had a duty to design, construct, test, repair, inspect, and/or maintain the aforesaid premises in a reasonably safe condition for the general public upon the premises, including plaintiff, Donnetta Holmes.

21. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff, Donnetta Holmes, was caused to sustain serious, painful, and disabling injuries, including *inter alia:* right shoulder contusion; right hip contusion; cervicalgia; strain and sprain of the rotator cuff; cervical, thoracic, and lumbosacral sprain and strain with segmental somatic dysfunction; most significantly, greater trochanteric bursitis of the right hip and displaced avulsion fracture of the right pelvis; and other ills and injuries, all to plaintiff's detriment.

22. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff,

Donnetta Holmes, has suffered injuries which are serious and permanent in nature, as detailed above and will continue to suffer for an indefinite period of time into the future.

23. As a direct and proximate result of the negligence of the defendant, MGM, plaintiff, Donnetta Holmes, has and will require extensive medical treatment, corrective surgery, and/or physical therapy, all of which may continue indefinitely into the future, all to her personal, emotional, physical and financial detriment.

24. As a direct and proximate result of the negligence of the defendant, MGM, plaintiff, Donnetta Holmes, has and may suffer a severe loss of her earning and impairment of her earning capacity and ability, all of which may continue indefinitely into the future.

25. As a direct and proximate result of the negligence of defendant, MGM, plaintiff, Donnetta Holmes, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

26. As a direct and proximate result of the negligence of defendant, MGM, plaintiff, Donnetta Holmes, has suffered a dimunition in her ability to enjoy life and life's pleasures all of which may continue indefinitely into the future.

27. The negligence and carelessness of defendant, MGM, acting individually and/or collectively, by and through its agents, servants, workmen, contractors and/or employees, actual and/or apparent, as set forth herein was the sole, direct and proximate cause of the injuries, damages and expenses suffered and/or incurred by plaintiff, Donnetta Holmes, and the above detailed injuries, damages and/or expenses were in no way caused or contributed to in any way by the actions and/or omissions of the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in her favor and against defendant, MGM, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00)


exclusive of interest and costs, plus such further relief as this Honorable Court deems just.

<div style="text-align: right;">

BROWN & ASSOCIATES, P.C.
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215)709-1111
PA Attorney ID# 315119

By: /s/ _____
TOBIAS BROWN, ESQUIRE
Attorney for Plaintiff

</div>

Dated: February 17, 2021

## **VERIFICATION**

I, TOBIAS BROWN, ESQUIRE, hereby verify that I am the attorney for the plaintiff in this matter and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. To the extent that the pleading contains alternative averments, the signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but the signer has knowledge or information sufficient to form a belief that one of them is true. The facts and statements set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities under Title 18, § 4904 of the Pennsylvania Crimes Code.

_____
TOBIAS BROWN, Attorney for Plaintiff

February 17, 2021

## VERIFICATION

I, Donnetta Holmes, hereby verify that I am the Plaintiff in the within action and the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the averments in the Civil Action Complaint are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

*Donnetta Holmes*
DONETTA HOLMES