IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNETTA HOLMES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-722 |
| | : | |
| MGM RESORTS INTERNATIONAL | : | |

### ORDER

AND NOW, this 17th day of May, 2022, upon consideration of Defendant Marina District Development Company, LLC's Motion to Dismiss for Improper Venue, and Plaintiff Donnetta Holmes's response in opposition, it is ORDERED the Motion (Document No. 17) is DENIED.[1]

Marina District Development Company is DIRECTED to respond to the Amended Complaint no later than 21 days after the entry of this Order.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[1] Donnetta Holmes brings this negligence action against the parent company of the Borgata Hotel Casino & Spa, which is located in Atlantic City, New Jersey. Holmes alleges the Defendant was negligent in failing to maintain the premises when she slipped on a slippery substance in the buffet area of the hotel. Holmes filed the Complaint on February 17, 2021. ECF No. 1. After a period of inaction and no response from Defendant MGM Resorts International, Holmes moved for default judgment. ECF No. 6. Before a hearing on the motion could be held, it came to light that MGM Resorts International was apparently not the appropriate owner of the Borgata Hotel Casino & Spa for purposes of this lawsuit. On August 6, 2021, Holmes filed the Amended Complaint with leave from the Court. ECF No. 12. MGM Resorts International was terminated from the case and Marina District Development Company was added as the sole defendant. ECF No. 12. Marina District Development Company now moves to dismiss or in the alternative, transfer this case to the District of New Jersey, arguing venue is improper in this district.

Venue for civil actions in federal court is governed by 28 U.S.C. § 1391. The statute provides a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [and]

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b). For purposes of venue, a business entity "with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Section 1391 therefore contemplates the possibility that venue may be appropriate in multiple judicial districts. The first possibility is the district in which any defendant resides, assuming all defendants reside in the same state. If the singular defendant is a business entity, as is the case here, venue is proper in any district where the entity is subject to the court's personal jurisdiction.

Lack of personal jurisdiction is also a waivable defense. The Federal Rules of Civil Procedure provide that a party filing a Rule 12 motion is prohibited from raising a defense or objection that was available to the party at the time the motion was filed but omitted from the motion. Fed. R. Civ. P. 12(g)(2). Omitting a Rule 12(b) defense in the first Rule 12 motion constitutes a waiver of that defense. Fed. R. Civ. P. 12(h)(1). The only exceptions to this rule are the defenses of failure to state a claim upon which relief may be granted, failure to join a party under Rule 19, and lack of subject matter jurisdiction. *See id.* Those defenses are not applicable here. A defendant does, however, "consent to personal jurisdiction by waiving any objection to it." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)).

The instant Motion is Marina District Development Company's first Rule 12 motion. The only defense raised in the Motion and accompanying brief is improper venue. The arguments for improper venue do not discuss personal jurisdiction, either as a separate defense or as the basis for venue being improper under § 1391(c)(2). Marina District Development Company merely argues venue is improper because it is a resident of New Jersey. It is possible, however, that a business entity defendant can be a resident of multiple states for purposes of a venue analysis—simply put, being a resident of New Jersey does not mean Marina District Development Company is not also a resident of Pennsylvania. Marina District Development Company's waiver constitutes consent to personal jurisdiction and therefore, this district is a proper venue for this action and dismissal under Rule 12(b)(3) would be improper.

Marina District Development Company asks in the alternative to transfer the case to the District of New Jersey, which is also a proper venue. Transfer of a case where both the original and requested venues are proper is governed by 28 U.S.C. § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) instructs courts to consider "the convenience of the parties and witnesses [and] the interest of justice." In *Jumara*, the Third Circuit acknowledged "there is no definitive formula or list of the factors to consider [and] courts have considered many variants of the private and public interests protected by the language of § 1404(a)." 55 F.3d at 879. "Such an extensive enumeration of factors to be balanced makes a written opinion setting forth the reasons for transfer . . . highly desirable, [although] not essential if the record shows that the proper factors were considered." *Id.* at 880 (citations omitted).

After extensive review of the private and public factors mandated by § 1404(a) and explained in *Jumara*, the Court finds transfer is not warranted. Holmes's choice of venue in this

---

district "should not be lightly disturbed," and Marina District Development Company has not met its burden for establishing the need for transfer. *Id.* The motion to transfer is therefore denied.